IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:09cv387

| | |
|---|---|
| LORRAINE DONIN; BRUCE DONIN; and WILLIAM MORELL, <br><br> Plaintiffs, <br><br> v. <br><br> EDWARD J. McALOON; and PAMELA W. McALOON, <br><br> Defendants/Third-Party Plaintiffs, <br><br> v. <br><br> CURTIS C. CRAWFORD; UTAH MOUNTAIN PROPERTIES, LLC; and MICHAEL L. RATHBONE, d/b/a Michael Rathbone Grading, <br><br> Third-Party Defendants/Plaintiffs, <br><br> v. <br><br> HMH CONSTRUCTION COMPANY, INC.; and HARRY HARMON, <br><br> Additional Third-Party Defendants. | **ORDER** |

Pending before the Court is the Motion to Compel [# 110] filed by Defendants Edward and Pamela McAloon ("Defendants"). This action arises out of a landslide that destroyed Plaintiffs' house. Defendants move to compel Plaintiffs Lorraine and Bruce Donin ("Plaintiffs") to produce documents responsive to their Fourth Request

-1-

for Production of Documents. Plaintiffs did not file a response to Defendants' motion. The Court **GRANTS** Defendants' motion.

I. **Background**

In 2005, Defendants build a home on property in Haywood County, North Carolina. Plaintiffs allege that although Defendants were informed of erosion hazards and other hazards related to the slope of the land on their property, they went ahead and built a residential dwelling on the property. After the completion of the home, the Haywood County Erosion and Sediment Control Office inspected the property and warned Defendants of the slope on their property.

Approximately two years later, Plaintiffs built a residence below the Defendants' property. Plaintiffs used this residence as their primary home. In 2009, the slope on the Defendants' property failed, causing a landslide that destroyed Plaintiffs' home. Plaintiffs were inside the house at the time. This action ensued.

In Count III of the Complaint, Plaintiffs assert a state law claim for negligent infliction of emotional distress. Plaintiffs contend that they suffered emotional trauma, including the fear that they would die in the landslide. In addition, Plaintiffs contend that they continue to suffer severe emotional and physical distress as a result of the landslide.

During her deposition, Plaintiff Lorraine Donin testified that financial stresses were ongoing at the time of the landslide. One of the causes of stress was a notice for unpaid or back taxes from the Internal Revenue Service. Subsequently, Defendants served Plaintiffs with their Fourth Request for Production of Documents, which

requested:

(1) Copies of all Federal Tax returns including any audit letters from the Internal Revenue Service for the years 2005 to the present.

(2) Copies of any requests for payment of back taxes and/or assessments from the Internal Revenue Service for the years 2005 to the present.

(3) Copies of all legal actions in which either of the Donnis have been a party, including foreclosure actions within the past six years.

Plaintiffs objected to these requests on the grounds that they were not reasonably calculated to lead to the discovery of admissible evidence, violated Plaintiffs' privacy, and are calculated to harass and intimidate Plaintiffs. Defendants then moved to compel production of the documents. Plaintiffs failed to file a response to the Motion to Compel.

**II. Legal Standard**

Generally speaking, parties are entitled to discovery regarding any non-privileged matter that is relevant to any claim or defense. Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id. Where a party fails to respond to an interrogatory or a request for production of documents, the party seeking discovery may move for an order compelling an answer to the interrogatories or the production of documents responsive to the request. Fed. R. Civ. P. 37(a)(3)(B). "Over the course of more than four decades, district judges and magistrate judges in the Fourth Circuit . . . have repeatedly ruled that the party or

person resisting discovery, not the party moving to compel discovery, bears the burden of persuasion." Kinetic Concepts, Inc. v. ConvaTec Inc., 268 F.R.D. 226, 243 (M.D.N.C. 2010) (collecting cases); Mainstreet Collection, Inc. v. Kirkland's, Inc., 270 F.R.D 238, 241 (E.D.N.C. 2010).

### III. Analysis

Tax returns in the possession of the taxpayer, rather than the IRS, are not privileged and are generally subject to discovery. See St. Regis Paper Co. v. U.S. 368 U.S. 208, 218-219, 82 S. Ct. 289 (1961) (dictum); Terwilliger v. York Int'l Corp., 176 F.R.D. 214, 216 (W.D. Va. 1997). Courts, however, have recognized that the unnecessary disclosure of tax returns should be avoided.[1] Terwilliger, 176 F.R.D at 216. Accordingly, the Court may only order the disclosure of tax returns where the returns are relevant to the subject matter in dispute, and the returns are necessary because the information cannot be obtained from another source. Id.; A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 191 (C.D. Cal. 2006); Aliotti v. Vessel Senora, 217 F.R.D. 496, 497-98 (N.D. Cal. 2003); Hilt v. SFC Inc., 170 F.R.D. 182, 189 (D. Kan. 1997). The party seeking discovery of the returns has the initial burden of establishing their relevance to the dispute. Terwilliger, 176 F.R.D. at 217. Once the party seeking disclosure meets this burden, the burden shifts to the party resisting discovery to identify an alternative source for the information. Id.

Defendants have satisfied their burden of demonstrating that the tax returns and

---

[1] Although it is not clear whether the request for payment of back taxes or assessments from the IRS would fall under the same rule, the Court will treat the requested tax related documents as subject to the same policy as tax returns.

related tax documents are relevant. In order to prevail on their claim for negligent infliction of emotional distress, Plaintiffs will have to prove that Defendants' conduct caused Plaintiffs severe emotional distress. Foster v. Crandell 638 S.E.2d at 526, 537 (N.C. Ct. App. 2007); Robblee v. Bud Servs., Inc., 525 S.E.2d 847, 849 (N.C. Ct. App. 2000). "The plaintiff must show that the distress suffered was 'a proximate and foreseeable result of the defendant's negligence.'" Robblee, 525 S.E.2d at 849 (quoting, Sorrells v. M.Y.B. Hospitality Ventures of Asheville, 435 S.E.2d 320, 322 (N.C. 1993)). By showing that Plaintiffs were dealing with additional sources of stress at the time of the landslide, Defendants may argue that any emotional distress was caused by Plaintiffs' existing financial situation and the receipt of the request for payment of back taxes from the IRS, rather than the landslide. Thus, this information is relevant to whether the conduct of Defendants in fact caused Plaintiffs' emotional distress. Defendants have satisfied their burden of showing that the returns are relevant to the subject matter of this dispute. See Terwilliger, 176 F.R.D at 216.

The burden, therefore, shifts to Plaintiffs to demonstrate that this information is available from some other source. Id. By failing to respond to the Motion to Compel, Plaintiffs have not satisfied their burden. Moreover, Plaintiffs have not set forth any other grounds for restricting the disclosure of these documents in response to Defendants' motion. Accordingly, the Court **GRANTS** the Motion to Compel as to Requests 1 and 2. Plaintiffs shall produce all documents responsive to these requests. The Court **DIRECTS** the parties to confer and submit an appropriate protective order to the Court limiting the disclosure of these documents. The parties

may agree to redact personal information contained in the returns that is not relevant to the subject matter of this dispute.

Request 3, which seeks copies of all legal actions in which either of the Plaintiffs have been a party within the past six years, is not subject to the discovery limitations on tax returns. In response to Defendants' motion, Plaintiffs have not presented the Court with any reason why the Court should not compel the production of these documents. Accordingly, the Court finds that Request 3 is appropriate, and Plaintiffs shall produce all documents responsive to this requests. The Court **GRANTS** the Motion to Compel as to Request 3.

## IV. Conclusion

The Court **GRANTS** Defendants' Motion to Compel [# 110]. The parties shall submit a protective order to the Court within ten (10) days of the entry of this Order. Plaintiffs shall produce all documents responsive to Defendants' Fourth Request for Production of Documents within ten (10) days after the entry of the protective order. The Court also **DIRECTS** Plaintiffs to **SHOW CAUSE** in writing within ten (10) days of the entry of this Order why the Court should not award Defendants their costs, including their reasonable attorneys' fees, pursuant to Rule 37(a)(5)(A).

Signed: May 18, 2011

Dennis L. Howell
United States Magistrate Judge